IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CASE NO. 1:08-CR-218-04 |
|---|---|---|
| v. | : | |
| FRANCISCO BARRIOS | : | |

**FILED**
HARRISBURG, PA
JUL 3 0 2013
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**MEMORANDUM**

## I. Introduction

Before the court is a motion by Francisco Barrios ("Barrios") pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. (Doc. 387.) Barrios alleges that his trial counsel was ineffective in his representation during trial. Counsel was appointed to represent Barrios at the hearing concerning one issue in this motion which was held July 23, 2013. For the reasons set forth below, the motion will be denied.

## II. Procedural and Factual History

The procedural and factual history of this case are adequately set forth in the Government's Brief in Opposition to the § 2255 motion (Doc. 407) and are adopted by this court. In essence, a second superseding indictment charged Barrios and others with criminal attempt and criminal conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1); criminal conspiracy to possess firearms in furtherance of drug trafficking (Count 2); traveling in interstate commerce to facilitate drug trafficking (Count 3); and use of a communication facility to facilitate drug trafficking (Count 4). (Doc. 93.)

The gist of the criminal conduct was a plot to transport 23 pounds of methamphetamine from Georgia to Pennsylvania for sale to Antonio Pagan, a

government informant. Although the substance delivered to Pagan initially field tested positive for methamphetamine, it was later found not to contain narcotics. (Doc. 407 at pp. 3-9.) On December 11, 2009, Barrios was found guilty of Counts 1 and 3. Post trial motions, a direct appeal to the United States Court of Appeals for the Third Circuit, and a petition for writ of certiorari and for a rehearing were all denied.

**III.     Discussion**

    **A.     Ineffective Assistance of Counsel Standard**

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio*, 212 F.3d 835, 840 (3d Cir. 2000). With these precepts in mind, the court will address Barrios's claims.

### B. Issues Raised As To Ineffective Assistance of Counsel

Barrios sets forth the following claims against trial counsel: (1) he could not be convicted because the substance delivered was not methamphetamine; (2) counsel failed to impeach Pagan with his prior criminal record; (3) counsel failed to seek a mistrial following the admission of co-defendant Cegledi's redacted statement; (4) counsel failed to move for severance; (5) Barrios was sentenced under the wrong guideline; and (6) counsel advised him to go to trial rather than plead to a misprision of a felony. These claims will be discussed below.

#### 1. Sham Drug Claim

Barrios's claim that he could not be convicted because the drug involved was not methamphetamine has been addressed by the Third Circuit Court of Appeals and was found to be without merit. *United States v. Barrios*, 441 F. App'x 874 (3d Cir. 2011). A § 2255 motion may not be employed to relitigate questions or issues which were raised and considered on direct appeal. *United States v. Johnson*, 405 F. App'x 637, 640 (3d Cir. 2010) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). Thus, this issue has been decided against Barrios and counsel was not ineffective on this issue.

#### 2. Failure to Present Impeachment Evidence Against Pagan

Barrios claims that Pagan had a 1994 conviction for criminal conspiracy to distribute cocaine in the District of Puerto Rico docketed to number 3:94-CR-00198. Pagan denied that he had a prior conviction. Barrios claims that counsel should have used the aforesaid criminal record to impeach Pagan.

Pursuant to an affidavit of agent Jeffrey Taylor (Doc. 407-1), and a rap sheet of Pagan, Pagan had no arrests prior to August 5, 2008. The docket for the case from the District of Puerto Rico at case number 3:94-CR-00198 notes the name of Antonio Pagan-Batista. The Pagan in the instant case is Antonio Nicolas Pagan

and is therefore a different person. Evidence was lacking for counsel to have been able to impeach Pagan. Counsel was therefore not ineffective in this regard.

### 3. Failure to Seek a Mistrial Over the Admission of Cegledi's Redacted Statement

This issue was raised on direct appeal, *Barrios*, 441 F. App'x at 877, and was found against Barrios. This issue cannot be raised again on a § 2255 motion. *Johnson*, 405 F. App'x at 640.

### 4. Severance

Barrios claims that trial counsel should have moved for a severance from Cegledi on the basis that Cegledi's redacted statement was a "*Bruton*" violation. As noted above, the issue of Cegledi's statement was addressed on direct appeal. *Barrios*, 441 F. App'x at 877. This issue cannot be raised again in a § 2255 motion. *Johnson*, 405 F. App'x at 640.

### 5. Sentencing Guideline

Barrios claims that since the drugs involved were a sham, U.S.S.G. § 201.1 was an improper guideline upon which to base his offense level. Barrios was charged with and found guilty of a violation of 21 U.S.C. § 846 – criminal attempt and criminal conspiracy to distribute and possess with intent to distribute methamphetamine. The sentencing guideline section 201.1 covers "unlawful manufacture, importing, exporting, or trafficking (including possession with intent to commit these offenses); attempt or conspiracy." U.S.S.G. § 201.1 (emphasis added). Thus, this is the proper guideline.

The Third Circuit Court of Appeals noted that "a defendant can be guilty of an attempt to sell drugs even if the purported drugs turn out to be a non-controlled substance so long as there is a strong evidentiary basis to show that the defendant believed them as such." *Barrios*, 441 F. App'x at 876 (citing *United*

4

States v. Cooper, 121 F.3d 130, 135 (3d Cir. 1997); *United States v. Everett*, 700 F.2d 900, 908 (3d Cir 1983)). Counsel was not ineffective for failure to argue this issue.

### 6. Advice Of Counsel To Go To Trial Rather Than Plead To Lessor Offense

Barrios claims that he would have accepted a plea for misprision of a felony as his brother received. A hearing on this issue was held on July 23, 2013. Initially at the § 2255 hearing, Barrios raised an issue not set forth in his § 2255 motion – that Barrios's attorney, Todd Henry, represented both Barrios and Cegledi and, therefore, there was a conflict of interest. As evidence that Henry dually represented Cegledi and Barrios, Barrios presented a letter from the Henry Law Firm addressed to Cegledi's brother in Texas and enclosing a fee agreement (Barrios' Ex. 2), as well as checks signed by Cegledi's brother and sister and made out to Todd Henry and "Patrick Henry" (Barrios' Ex. 3). Further, Cegledi testified at the hearing that he believed he was represented by Henry throughout these proceedings.

Henry testified that the signatures on the fee agreement letter were not his, and that he neither recognized the signature nor was aware of who might have signed the letter on his behalf. As to the checks, Henry had no recollection of receiving the checks, but testified that they likely were either endorsed over to Gabriel Levin, Esquire, who entered his appearance for Cegledi on September 16, 2008, or deposited in the Henry office account from which checks could then be written to Levin. Henry denied that he ever represented Cegledi. He testified that he frequently refers cases to Levin, and likely did so in this case. Attached hereto as Exhibit A is the time line showing the representation of various counsel for both Barrios and Cegledi. The time line also indicates the dates on the checks and the fee agreement letter. As is apparent from the time line, the fee agreement letter and

5

checks were all dated either shortly before or at some point after Attorney Levin entered his appearance. This timing corroborates Henry's testimony that he may have referred the case to Levin after an initial meeting with Cegledi, and that the checks sent to Henry would have been forwarded to Levin. Notably, Henry never entered his appearance on behalf of Cegledi.

Barrios also offered as evidence Exhibit 4, prison visitor logs, to show that Henry's visits with Barrios also included the presence of Cegledi. Henry testified that Cegledi's presence was at the request of Barrios to act as interpreter or just to be present. Exhibit B attached hereto is a time line that shows that during the prison visits by Henry, at which Cegledi may have been present, Cegledi was actively represented by Levin. Thus, there was no reasonable basis for Cegledi to believe that Henry was representing him during this time. The court accepts the credibility of Henry's testimony that at no time did he represent Cegledi.

Barrios claims that Henry advised him to go to trial and claims that Henry told him he could not be convicted of dealing in false drugs. This was a theory that was espoused by Cegledi, and to this day Barrios believes that he should not have been convicted of the same. Cegledi had a good deal of influence on the co-defendants in this case.[1]

Henry conceded that initially under the first indictment, this strategy might have some success and he may have advised Barrios accordingly. However, after the superceding indictment, that defense was put in jeopardy. Henry testified that his advice changed following the superceding indictment, and that he never told Barrios that he could not be convicted of false drug dealing. Henry further testified

---

[1] As the trial judge in this case, the undersigned has had the opportunity to observe the interplay among the defendants. Also, the fact that Barrios wanted Cegledi present during meetings with Henry shows his dependence on Cegledi.

that he always presented to Barrios the options of pleading and going to trial. Henry testified he "would never" make that decision on behalf of a client; the choice to go to trial was always made by Barrios.

Henry further testified that Barrios would take no deal except for a plea to misprision of a felony which was never presented to Barrios.[2] The government presented two plea agreements (Gov. Exs. 2 & 3) that were presented to Barrios, neither of which included misprision of a felony, and neither of which Barrios accepted.

In summary, Barrios would only accept a plea to misprision of a felony which was never offered. He wrongly believed that he could not be found guilty of dealing false drugs and believes so to this day. Thus, the evidence is clear that Barrios chose to go to trial on his own volition, not counsel's. Accordingly, as to this issue, counsel was not incompetent. Moreover, Barrios's alternative argument presented at the hearing – that Henry dually represented himself and Cegledi creating a conflict of interest – is without merit.

IV.  **Conclusion**

Based on the foregoing, the motion filed pursuant to 28 U.S.C. § 2255 is without merit and will be denied. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: July 30, 2013.

---

[2] This was a deal given to Barrios' brother Jesus because of his limited part in the conspiracy.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:08-CR-218-04**

v.

**FRANCISCO BARRIOS**

## ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

SYLVIA H. RAMBO
United States District Judge

Dated: July 30, 2013.